IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs March 25, 2015

**STATE OF TENNESSEE v. SHON Q. BLANKS**

**Direct Appeal from the Criminal Court for Bradley County**
**No. 11-CR-516A     Amy Armstrong Reedy, Judge**

---

**No. E2014-01897-CCA-R3-CD – Filed July 15, 2015**

---

The appellant, Shon Q. Blanks, appeals the Bradley County Criminal Court's revocation of his probation and the court's imposition of incarceration instead of granting another alternative sentence. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT L. HOLLOWAY, JR., JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee (on appeal), and Richard Hughes, Cleveland, Tennessee (at trial), for the appellant, Shon Q. Blanks.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Stephen Crump, District Attorney General; and Dallas Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On November 16, 2011, the Bradley County Grand Jury returned an indictment charging the appellant with possession of .5 grams or more of cocaine with the intent to sell and possession of more than one-half ounce but less than ten pounds of marijuana with the intent to sell. On February 15, 2013, the appellant pled guilty to the charged

offenses and received concurrent sentences of ten years and one year, respectively. The trial court suspended the sentences and placed the appellant on probation.

On November 21, 2013, a probation violation warrant was issued, alleging that the appellant violated the following rules of probation:

> 1. I will obey the laws of the United States, or of any State in which I may be, as well as any municipal ordinances.
>
> 2. I will report all arrests, including traffic violations[,] immediately, regardless of the outcome, to my Probation Officer.
>
> 8. I will not use intoxicants (beer, whiskey, wine, etc.) of any kind to excess, or use or have in my possession narcotic drugs or marijuana. I will not enter an establishment whose prime purpose is to sell alcoholic beverages (bars, taverns, clubs, etc.). I will submit to random drug screens as directed.
>
> 9. I agree to pay all required fees to the Supervision and Criminal Injuries fund unless waived by appropriate authorities. Additionally, if so ordered by the court, I will pay all imposed fines and court costs.

At the February 14, 2014 probation revocation hearing, Diana Blackburn, an employee with the Board of Probation and Parole Division of the Tennessee Department of Correction, testified that in March 2013, the appellant's probation was transferred to Hamilton County where his mother and sister lived. Blackburn's first meeting with the appellant as his parole officer occurred in June 2013. At that time, the appellant was employed but had failed to pay supervision fees. When Blackburn asked about the appellant's failure to pay his fees, he responded that he intended to file a post-conviction action and would "wait till that was dealt with before he paid his fees, and he said the same thing about paying fines to Bradley County."

Blackburn said that the appellant reported regularly. She did not have "any real issues" with him until he was arrested in October 2013 and failed to report the arrest to her. At that time, Blackburn filed the aforementioned probation violation warrant.

After Blackburn testified, the appellant, who was acting pro se, informed the court that he did not report his arrest because he "was incarcerated." The appellant challenged the validity of the search warrant that revealed the evidence underlying his arrest for

selling drugs, noting that "[n]o drugs was never [sic] found on me." The appellant also complained about being targeted unfairly by the drug task force.

The trial court found that the State failed to prove the appellant violated Rules 1 or 8; however, the State proved the appellant violated Rule 2 by failing to report his arrest to his probation officer and Rule 9 by failing to pay his supervision fees. The trial court then scheduled a hearing to determine the consequences of the violation.

At the hearing, the appellant was represented by counsel, who requested the trial court grant another probationary sentence. In the alternative, defense counsel requested the trial court impose community corrections, stating that the appellant was a non-violent offender. The State objected to the appellant being granted community corrections, maintaining that the appellant had a previous conviction of robbery, which was a violent offense.

The court stated that the only alternative sentence it would consider imposing was community corrections; however, based upon the appellant's significant prior record, which included a violent offense, the court concluded that he was not eligible for community corrections. The court ordered that the appellant serve his original ten-year sentence and awarded him pretrial jail credits.

On appeal, the appellant challenges the trial court's revocation of his probationary sentence and the imposition of incarceration instead of granting another alternative sentence.

## II. Analysis

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

Although the appellant states he is challenging the revocation of his probationary sentence, he acknowledges in his brief that he "committed . . . technical violation[s]" of Probationary Rules 2 and 9. The proof adduced at the revocation hearing established that

the appellant violated the terms of his probation. Accordingly, the trial court did not abuse its discretion by revoking the appellant's probation.

Next, the appellant contends that the trial court should have sentenced him to intensive probation, community corrections, or another alternative sentence instead of imposing incarceration. We note that because of the appellant's prior conviction of robbery, the trial court did not abuse its discretion by denying community corrections. See Tenn. Code Ann. § 40-36-106(a)(1)(B); State v. Willie Nathaniel Smith, No. W2001-02973-CCA-R3-CD, 2003 WL 103206, at *10 (Tenn. Crim. App. at Jackson, Jan. 9, 2003). Moreover, it was within the trial court's authority to order the appellant to serve his original sentence upon revoking the appellant's probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Generally, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362- CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002).

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE